815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rickie Lee HUNT, Petitioner-Appellant,
v.
Ronald C. MARSHALL, Supt., Respondent-Appellee.
 No. 86-3602.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for the appointment of counsel. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In September, 1980, appellant was convicted by a jury of one count each of aggravated murder, kidnapping and possession of a weapon while under a disability for which he was accorded a punishment of life imprisonment. Subsequent to his exhaustion of the various state remedies for relief from that conviction, appellant filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the district court for the Northern District of Ohio. As the sole basis of his petition, he alleged that his convictions were the result of the ineffective assistance of counsel in that his attorneys had both failed to object to testimony as to the ownership of the gun used in the crimes with which he was charged and to call a witness who would have disputed that same evidence. The district court, however, rejected that argument and dismissed the petition for a writ of habeas corpus. Appellant thereafter filed this appeal.
 
 
 3
 In order to obtain habeas relief upon a claim of ineffective assistance of counsel, a petitioner must demonstrate both that the quality of his representation at trial was so lacking as to have been less than that which would have been provided by any attorney possessing ordinary skills and training and that his counsel's errors were so grave as to have deprived the petitioner of his right to a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984). Appellant has not satisfied either of those requirements in this case. First, review of the record discloses that at trial appellant was represented by two attorneys, both of whom actively participated in the preparation and presentation of his defense. Second, it is equally clear that even if the specific instances of attorney error cited by appellant were assumed to be true, they did not have the effect of prejudicing his right to a fair trial as the transcript of that proceeding is replete with other competent evidence capable of supporting his conviction. Accordingly, the district court did not err in rejecting appellant's claim that he did not receive the effective assistance of counsel and dismissing his petition for a writ of habeas corpus.
 
 
 4
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(b)(5), Rules of the Sixth Circuit. Therefore, the motion for appointment of counsel is hereby denied and the final order of the district court entered June 5, 1986, is affirmed.